UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRENDA L. WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-00972-JPH-TAB |
| | ) |
| SOUTHEAST HEALTH CENTER, PETER KIM DR., | ) |
| | ) |
| Defendants. | ) |

## ORDER

### I. Granting *in forma pauperis* status

Ms. White's motion to proceed *in forma pauperis*, dkt. [2], is **GRANTED**. *See* 28 U.S.C. § 1915(a). While *in forma pauperis* status allows a plaintiff to proceed without prepaying the filing fee, the plaintiff remains liable for the full fees. *Ross v. Roman Catholic Archdiocese*, 748 F. App'x 64, 65 (7th Cir. Jan. 15, 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' . . . but not without *ever* paying fees."). No payment is due at this time.

### II. Screening

#### A. Screening standard

The Court has the inherent authority to screen Ms. White's complaint. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). The Court may dismiss claims within a

complaint that fail to state a claim upon which relief may be granted. *See id.* In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

### B. The complaint

The complaint names Southeast Health Center and Dr. Peter Kim as defendants. Dkt. 1.

Ms. White alleges that in April 2019, Dr. Kim prescribed her a medication that caused a severe allergic reaction and failed to warn her of the dangers of the medication. Dkt. 1 at 5. Dr. Kim knew she was allergic to that medication but ignored her and prescribed it anyway. *Id.* Ms. White is African American, and she believes that she was treated that way because of her race. *Id.* She seeks $500,000 in damages. *Id.* at 6.

### C. Discussion

Ms. White asserts that she is suing for a violation of federal law under 42 U.S.C. § 1983. Dkt. 1 at 2. "In order to state a claim under [42 U.S.C.] § 1983

a plaintiff must allege: (1) that defendants deprived [her] of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006); *see London v. RBS Citizens, N.A.*, 600 F.3d 742, 746 (7th Cir. 2010) (private actors may not be sued for "merely private conduct, no matter how discriminatory or wrongful"). A private citizen can act under color of law if there is "evidence of a concerted effort between a state actor and that individual." *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019) (quoting *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998)). Ms. White has not alleged any facts demonstrating that Dr. Kim or Southeast Health Center are state actors or that they had any concerted efforts with state actors. Nor has she alleged any wrongdoing on Southeast Health Center's part. *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions...."). Accordingly, Ms. White's complaint must be dismissed with prejudice.

### D. Conclusion

Ms. White **shall have through May 27, 2020** to file an amended complaint or show cause why her complaint should not be dismissed. If Ms. White does not do so, the Court will dismiss this case with prejudice without further notice.

**SO ORDERED.**

Date: 4/27/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

3

Distribution:

BRENDA L. WHITE
4141 N Ridgeview Drive
Indianapolis, IN 46226